IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK COX, SR.,
    Plaintiff,

vs.                                                 Case No.: 3:11cv192/MCR/EMT

SHAWN THOMPSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a submission by Plaintiff, which the clerk docketed as an "Acknowledgment of Service Executed on Defendants Eric Goss and Shawn Thompson" (doc. 32).

In September of 2011, Plaintiff, a prisoner proceeding pro se who had paid the filing fee (*see* doc. 5), filed a third amended civil rights complaint (doc. 18). On October 11, 2011, Plaintiff was directed to promptly serve Defendants with the complaint (doc. 20). The clerk issued summonses, which were forwarded to Plaintiff (doc. 21). On February 8, 2012, having received no indication that Plaintiff had served Defendants, the court directed Plaintiff to show cause why this action should not be dismissed without prejudice due to this failure (doc. 23). Plaintiff's response and attachments, received by the court on February 17, 2012, made clear that proper service had not been effectuated (*see* doc. 24). It appeared that Plaintiff had merely mailed the documents to Defendants.

On February 27, 2012, the court entered another detailed order regarding service (*see* doc. 25), and summonses were reissued (*see* doc. 26). The court's service order specifically advised Plaintiff that "**[m]erely mailing a copy of the summons and complaint is <u>not</u> proper service**" and instructed him that if he planned to attempt service via waiver that he would need to obtain and complete the necessary forms himself (doc. 25 at 2, 4) (emphases in original). On March 15, 2012, and April 10, 2012, the clerk docketed separate submissions by Plaintiff, each titled a "notice of

compliance" (docs. 27, 28), which notices again failed to establish proper service.  From the documents submitted, it appeared that Plaintiff had mailed the waiver forms to Defendants, but there was no proof that they had been received or returned.  The court therefore entered another order on April 16, 2012, explaining the deficiencies in Plaintiff's submissions and directing him to show cause why the case should not be dismissed due to his failure to serve Defendants (doc. 29).

Plaintiff's "Response to Order to Show Cause [doc. 29] and Motion to Amend Service of Process," received May 1, 2012, was unclear (*see* doc. 30).  Therein Plaintiff sought permission to "amend" the improper service of process by striking the previous "Notice of Compliance" (doc. 30 at 1).  He conceded that he "omitted certain procedural steps for mail service waiver and the proper filing of Complaint/Notice of commencement of action," and he stated that "[u]ntil a response has been received from the Defendants with regards to the mail service waiver and the Complaint/Notice of commencement of action; Plaintiff's 'Notice of Compliance' . . . should be stricken/dismissed" (*id.* at 1–2).  He asked for leave to amend the service of process pending Defendants' response.  Ultimately, he asked the court to accept his response to the Order to Show Cause and allow this case to proceed (*id.* at 2).

The court then issued another order in which it noted that nearly seven months had elapsed since Plaintiff was first instructed to serve Defendants, and it set forth the history of the court's attempts to verify service upon Defendants (doc. 31).  In that order, the court noted that in deference to Plaintiff's pro se status, it had provided detailed information concerning service on two separate occasions in two separate orders (i.e., docs. 20, 25), yet Plaintiff had failed to follow the court's instructions.[1]  It also advised Plaintiff that if he did not follow the proper steps for requesting a

---

[1] For instance, Plaintiff was expressly advised that if he chose to effect service in the traditional way:

> [E]ach Defendant must be personally delivered a copy of the complaint and a summons that is issued to Plaintiff by the clerk of this court, as well as a copy of this [court's service] order [(i.e., doc. 25)].  Such personal delivery may be made by anyone who is at least 18 years of age and is not a party to this action.  *See* Fed. R. Civ. P. 4(c).  **Merely mailing a copy of the summons and complaint is not proper service.**  Plaintiff must either secure assistance from an individual who is not a party to this action or hire a process server.

Case No.:  3:11cv192/MCR/EMT

waiver of service of process or for achieving personal service in the traditional way, Defendants' "pending" response referenced in Plaintiff's response to the order to show cause was not likely to be forthcoming. Plaintiff was ordered to submit proof of proper service on Defendants within thirty days, and explicitly warned that if he failed to do so the court would recommend dismissal of this action without prejudice (doc. 31 at 2).

The instant items submitted by Plaintiff, which are certified mail receipts addressed to Defendants Goss and Thompson in care of the Pensacola Police Department, again fail to show anything other than that Plaintiff mailed documents to Defendants. There is no proof that the waivers were returned, and the lack of such proof suggests that they were not. Plaintiff was previously specifically informed that if Defendants failed to return the waiver forms he would have to formally serve Defendants (doc. 29 at 1–2). Clearly, he has not done so.

More than eight months have elapsed since Plaintiff was first instructed to serve Defendants. The court cannot compel Defendants to waive service of process any more than it can compel Plaintiff to comply with its explicit instructions regarding service of process. Because Plaintiff has failed to properly serve Defendants in accordance with the court's instructions, dismissal without prejudice of this action is appropriate. *See, e.g.*, Fed. R. Civ. P. 4(m) (absent a showing of good cause, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); Fed. R. Civ. P. 41(b) (court may dismiss an action for a plaintiff's failure to comply with procedural rules); <u>Loren v. Sasser</u>, 309 F. 3d 1296, 1304 (11th Cir. 2002) (while pro se litigants are afforded leniency, they are nevertheless required to conform to procedural rules) (citing <u>Brooks v. Britton</u>, 669 F.2d 665, 666–67 (11th Cir. 1982)).

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to serve Defendants as instructed by the court.

---

(doc. 25 at 2) (emphasis in original).

Case No.: 3:11cv192/MCR/EMT

At Pensacola, Florida, this 14th day of June 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**